UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW LEE, a resident of Ada County,<br><br>　　Plaintiff,<br><br>　　v.<br><br>KAYSE STONE, an individual, TERRY LAKEY, an individual, ADA COUNTY, an Idaho county, CITY OF BOISE, an Idaho municipality, and ZANE STONE, an individual,<br><br>　　Defendants. | Case No. 1:20-cv-00186-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a motion to dismiss filed by Defendants Terry Lakey and Ada County. (Dkt. 7). For the reasons explained below, the Court will grant the motion with leave to amend.

## BACKGROUND

On April 19, 2018, plaintiff Matthew Lee was arrested for misdemeanor second-degree stalking. The alleged victim was Defendant Kayse Stone who at the time was an officer with the Boise Police Department.

Lee's trial was scheduled to begin in October 2018, but the prosecutor

dismissed the charges a few days before trial was scheduled to begin. Lee says the prosecutor did not dismiss the charges "due to the apparent misrepresentations and the lack of factual basis, but rather because Kayse advised the prosecutor that she . . . and Zane 'decided we didn't want to follow through with a trial' because 'the whole thing has been emotionally draining and we are tapped out.'" *Compl.* Dkt. 1, ¶ 26.

After the charges were dismissed, Lee filed a complaint with the Boise Police Department. He complained that Ms. Stone had made false statements about his case. A few months later, Ms. Stone either resigned or was fired from the Boise Police Department. ¶ 28. Afterward, "BPD sent a letter to prosecutors and defendants in 47 other cases that Kayse had testified in indicating that Kayse had made false statements under oath in Lee's matter." ¶ 28. Although not entirely clear, the false statements apparently refer to Ms. Stone's testimony during a post-arrest, preliminary hearing. During the hearing, Stone testified she had not run Lee's license plate while on duty as a Boise Police Department officer, when, in fact, she had. ¶ 19.

In any event, Lee filed this action in April 2020. He names five defendants: (1) Kayse Stone; (2) Zane Stone; (3) the City of Boise; (4) Ada County; and (5) Deputy Terry Lakey of the Ada County Sheriff's Office. The Stones and the City of Boise have answered the complaint. Deputy Lakey and Ada County move to

dismiss.

The motion to dismiss focuses on the events surrounding Lee's April 19, 2018 arrest, including Deputy Lakey's investigation, which Lee describes as "completely one sided and cursory at best, ripe with total fabrications and clearly unsubstantiated facts." ¶ 12.

Lee alleges that on April 16, 2018, Defendant Kayse Stone "filed a statement with the ASCO [Ada County Sheriff's Office] containing numerous false allegations pertaining to Lee." ¶ 8. Ms. Stone said Lee had parked his car (identified as a "black passenger car") on the street in front of her home on three or four occasions. Each time, according to Ms. Stone, Lee sat in the car for 15 or 20 minutes and then drove off. Ms. Stone also said Lee had approached her home and tried to enter the garage code before her husband chased him off. Lee says all of these statements were false. He also says that "[b]efore Lakey had conducted any so-called investigation into the claims made by Kayse regarding a parked car, Lakey had decided and in fact informed Kayse that Lee was going to be arrested for stalking." ¶ 11.

On April 18, two days after Stone had filed her report, Deputy Lakey signed and filed a "'narrative'" with the Ada County Sheriff's Office. Deputy Lakey interviewed Lee, and during the interview, he falsely told Lee that he had "video confirmation and pictures of Lee stalking Kayse and trying to enter the house and

garage." ¶ 12. Lee also says Lakey "refused to follow up on any of Lee's alibis or other evidence provided by Lee showing that the allegations were completely false and unsupported." ¶ 12. Lee also alleges that the Stones didn't give Deputy Lakey "any precise dates, details, descriptions, pictures, videos, or any other documentation or detail with regard to Kayse and Zane's allegations that Lee had at any point parked in front of their home, approached their home, had met or seen Lee, and many other false claims." ¶ 13.

## LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. *Cedars–Sanai Med. Ctr. v. Nat'l League of Postmasters*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

**1. Defendant Lakey's Motion to Dismiss**

Defendant Lakey contends he is entitled to qualified immunity because the allegations in the complaint establish that there was probable cause to arrest Lee for stalking or, at a minimum, attempted unlawful entry. The Court agrees.

Lee brings his claim under 42 U.S.C. § 1983, which authorizes private citizens to sue those who violate their constitutional rights while acting "under color of" law. *See* 42 U.S.C. § 1983.[1] A police officer is entitled to qualified immunity from a § 1983 suit if that officer "reasonably believes that his or her conduct complies with law." *Pearson v. Callahan,* 555 U.S. 223, 244 (2009). "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.* at 231.

Officers are entitled to qualified immunity unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, 138 S. Ct. 577,

---

[1] 42 U.S.C. § 1983 provides, in relevant part: "Every person who, under color of any statute, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivations of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured."

**MEMORANDUM DECISION AND ORDER - 5**

589 (2018) (citation omitted). As such, courts ask two questions to decide qualified immunity: (1) Do the facts alleged show that the officer violated a constitutional right? and (2) If so, was that right clearly established as the time of the event? *See Rosenbaum v. Washoe County*, 663 F.3d 1071, 1075 (9th Cir. 2011). Either question may be considered first. *Id.*

Deputy Lakey says he is entitled to qualified immunity because the alleged facts demonstrate there was probable cause to arrest Lee, meaning that Lee did not suffer an underlying Fourth Amendment violation.

"Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Blankenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007) (citation omitted). Probable cause to arrest is based on an objective standard. *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). Thus, "[p]robable cause exists when, at the time of arrest, the agents know reasonable trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense." *Allen v. City of Portland*, 73 F.3d 232, 237 (9th Cir. 1995).

Lee's complaint alleges that on April 16, 2018, Kayse Stone filed a statement with the Ada County Sheriff's Office. The statement contained these details about an alleged stalking: Stone identified a black passenger car that had

parked on the street in front of her home on three or four occasions. She said Lee had approached her home and tried to enter the garage code before her husband chased him off. She said that on April 16, 2018, she and her husband saw Lee parked in front of their house before driving off. Also on that day, Zane provided Kayse with the license plate number for Lee's car – a black Honda Accord. Kayse ran the plates and learned that Lee owned the vehicle. *Compl.* ¶¶ 8-9.

Given this level of detail, Deputy Lakey had probable cause to arrest Lee. *See John v. City of El Monte*, 515 F.3d 936, 941 (9th Cir. 2008); *Peng v. Mei Chin Penghu*, 335 F.3d 970, 978 (9th Cir. 2003). Lee has criticized Deputy Lakey's investigation, but under relevant Ninth Circuit authority, an investigation is not always necessary.

The Ninth Circuit has handed down several decisions regarding the duty to investigate in the context of deciding whether officers had probable cause to arrest. In 2001, in *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2001), the Ninth Circuit held "officers may not solely rely on the claim of a citizen witness that he was a victim of a crime to establish probable cause, but must independently investigate the basis of the witness' knowledge or interview other witnesses." Two years later, however, in *Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003), and without mentioning *Arpin*, the Ninth Circuit held there is no general duty to further investigate a claim of innocence or the lack of criminal

intent, "once probable cause is established." *Accord Cameron v. Craig,* 713 F.3d 1012, 1019 (9th Cir. 2013). Granted, an officer cannot simply ignore evidence "that would negate a finding of probable cause," *Broam*, 320 F.3d at 1032, but the larger point is that a detailed factual statement from a victim may support a finding of probable case, without need of further investigation. Put differently, officers are generally not required to conduct further investigation if the evidence at hand reasonably establishes probable cause. *See, e.g., Ewing v. City of Stockton*, 588 F.3d 1218, 1227 (9th Cir. 2009) ("Once he has probable cause, an office is not ordinarily required to continue to investigate or seek further corroboration").[2]

The Ninth Circuit clarified this point in *Peng v. Mei Chin Penghu*, 335 F.3d 970, 978 (9th Cir. 2003). *Peng* held that, despite *Arpin*, probable cause is established without an independent investigation if the victim provides "'facts sufficiently detailed to cause a reasonable person to believe a crime had been committed and the named suspect was the perpetrator.'" *Id. (citing Fuller v. MG*

---

[2] The Ninth Circuit cited these decisions with approval in *Ewing*: *McBride v. Grice,* 576 F.3d 703, 707 (7th Cir. 2009) ("An officer should pursue reasonable avenues of investigation and may not close his eyes to facts that would clarify the situation, but once an officer has established probable cause, he may end his investigation."); *McKinney v. Richland Cty. Sheriff's Dep't*, 431 F.3d 415, 418-19 (4th Cir. 2005) ("The fact that [the officer] did not conduct a more thorough investigation before seeking the arrest warrant does not negate the probable cause established by the victim's identification."); and *Kelley v. Myler*, 149 F.3d 641, 647 (7th Cir. 1998) ("The inquiry is whether an officer has reasonable grounds on which to act, not whether it was reasonable to conduct further investigation.").

**MEMORANDUM DECISION AND ORDER - 8**

*Jewelry*, 9050 F.2d 1432, 1444 (9th Cir. 1991)).

A few years later, in *John v. City of El Monte,* 515 F.3d 936, 941 (9th Cir. 2008), the Ninth Circuit explained *Arpin* and *Peng*:

> The existence of probable cause necessarily turns upon the particular facts of the individual case, and prior decisions generally are of little help in deciding a specific case. We know of no case that fairly can be said to control the present one. Our precedents, however, are consistent with our conclusion here.
>
> For example, in *Peng*, we concluded that because the alleged victim provided sufficiently detailed facts regarding the incident, her allegations alone sufficed to establish probable cause for the arrest. *Arpin v. Santa Clara Valley Transportation*, 261 F.3d 912 (9th Cir. 2001), is not inconsistent. There, we concluded that because the officers had based their arrest solely on an unexamined charge by a bus driver that a rider had assaulted him and had done no further investigation, they did not have probable cause. *Arpin*, 261 F.3d at 925.

*John*, 515 F.3d at 941.

Here, the Court concludes that the detailed account Ms. Stone provided to Deputy Lakey was sufficient, by itself, to establish probable cause. *See generally United States v. Fincher,* 113 F.3d 1243,1243 (9th Cir. 1997) (table decision) ("A detailed eye-witness report of a crime is self-corroborating; it supplies its own indicia of reliability."). The fact that she did not provide pictures, videos, or other documentary evidence to Deputy Lakey does not undermine this conclusion; presumably many crime victims do not have pictures, videos, or other evidence of the alleged crime. Plus, as already noted, a sufficiently detailed statement from a

witness can support a finding of probable cause.

In addition to alleging that Deputy Lakey's investigation was insufficient, Lee asserts that Deputy Lakey knew Kayse Stone was lying about the alleged stalking.[3] But the complaint does not make *that* allegation, nor does Lee allege facts showing that Deputy Lake reasonably should have concluded Ms. Stone was lying. Instead, Lee relies on general, conclusory allegations. For example, in paragraph 11, Lee alleges that "On April 18, 2018, Lakey signed and filed a 'narrative' under penalty of perjury which was ripe with numerous and unverified false statements pertaining to allegations of stalking by Lee." *Compl.*¶ 11. This sort of allegation falls short of alleging that Deputy Lakey was aware the Stones were lying but decided to push forward anyway.[4] *See generally Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Further, undermining any theory that Deputy Lakey knew the Stones were

---

[3] For purposes of this motion, the Court will assume that the Stones were being untruthful when they reported that Lee was stalking Kayse Stone.

[4] Lee alleges that *after* he was arrested, during a preliminary hearing, Kayse Stone lied under oath when she said she didn't run Lee's plates while she was on duty for the Boise Police Department. Probable cause to arrest is measured by what the officer knowns at the time of the arrest. *See, e.g., Allen v. City of Portland*, 73 F.3d 232, 237 (9th Cir. 1995) ("Probable cause exists when, *at the time of arrest*, the agents know reasonable trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense.") (emphasis added).

lying, Lee has alleged that Deputy Lakey moved forward because he made erroneous assumptions about the information he had gathered. Paragraph 12 of the complaint alleges that "[w]ithout any corroborating evidence, Lakey surmised that Lee, who was an employee at the Chevron station next to the airport, must have followed Kayse home one time after she had stopped at the gas station while on duty as a policy officer at the airport." *Compl.* ¶ 12; *see also id.* ¶ 16 (alleging that "Lakey and the ACSO also seized Lee's phone, interrogated Lee's employer and his employer's son, and Lee's girlfriend, in which they learned nothing that supported the charges . . . .").

Given these allegations, the Court concludes that Deputy Lakey had formed probable cause to arrest Lee. Accordingly, there is no underlying Fourth Amendment violation, and Deputy Lakey is entitled to qualified immunity.

2. **Defendant Ada County's Motion to Dismiss**

The Court will also grant Ada County's motion to dismiss. As Ada County correctly points out, because plaintiff's own allegations establish that Deputy Lakey had probable cause to arrest Lee, there is no underlying constitutional violation and any alleged *Monell* claim fails as a matter of law. *See generally Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978)).

### 3. Leave to Amend

The Court will grant Lee leave to amend his complaint. As noted above, in deciding whether there is probable case to arrest, police officers cannot ignore evidence that would negate a finding of probable cause. *See, e.g., Broam*, 320 F.3d at 1032. The complaint, as currently drafted, does not allege facts showing that Deputy Lakey ignored evidence that would have negated a finding of probable cause. Lee has suggested that this is the case, but he has not provided sufficient factual detail. For example, he alleges that Deputy Lake "refused to follow up on any of Lee's alibis or other evidence provided by Lee showing that the allegations were completely false and unsupported." *Compl.* ¶ 4. This general allegation is not sufficient to show that Deputy Lakey turned a blind eye to evidence that negated a finding of probable cause. But if Lee were to provide more specific details regarding the information provided to Lakey, along with *when* it was provided, he may be able to make out a Fourth Amendment violation.[5]

If Lee chooses to amend his complaint, he should clarify which specific claims are being pursued and against which defendants. Lee's current complaint does not even mention the Fourth Amendment, for example, and it does not spell

---

[5] The Court is not inviting an amended complaint; to the contrary, given the facts alleged here, the Court is doubtful that Lee will be able to make out a claim against Deputy Lakey or Ada County. Nevertheless, in an abundance of caution, the Court will allow Lee the opportunity to amend his complaint.

out which defendants are being pursued on which particular claims or theories. Instead, Lee groups his claims against all five defendants together under one omnibus heading entitled "Causes of Action," *see Compl.* at 7. He then generally alleges that he was "deprived of *certain* Constitutionally protected rights, liberties and due process of law resulting from the conduct of the defendants individually and/or collectively." *Id.* ¶ 34 (emphasis added). Any amended complaint should cure this deficiency.

## ORDER

**IT IS ORDERED that** Defendants Terry Lakey and Ada County's Motion to Dismiss (Dkt. 7) is **GRANTED**. Plaintiff may file an amended complaint within 21 days of this Order.

DATED: November 3, 2020

B. Lynn Winmill
U.S. District Court Judge