UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW LEE, a resident of Ada County, | Case No. 1:20-cv-00186-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| KAYSE STONE, an individual, TERRY LAKEY, an individual, ADA COUNTY, an Idaho county, CITY OF BOISE, an Idaho municipality, and ZANE STONE, an individual, | |
| Defendants. | |

## INTRODUCTION

Before the Court is Defendant Zane Stone's motion to dismiss. *See* Dkt. 28.[1]
Mr. Stone alleges that the only claim alleged against him – a state-law defamation
claim – is subject to dismissal under Federal Rules of Civil Procedure 12(b)(1) and
12(b)(6). For the reasons explained below, the Court will deny the motion.

---

[1] Defendants Ada County and Terry Lakey have also failed a motion to dismiss Plaintiff's
first amended complaint. *See* Dkt. 27. The Court has requested supplemental briefing on that
motion and will resolve it separately.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

In April 2018, Deputy Terry Lakey arrested Plaintiff Matthew Lee for misdemeanor second-degree stalking. The alleged victim was Defendant Kayse Stone, who at the time was a police officer with the Boise Police Department. Lee alleges that Ms. Stone lied to law enforcement about having been stalked by Lee. The prosecutor eventually dismissed the charges, and Lee brought this federal action against Kayse, her husband Zane, the City of Boise, Deputy Lakey, and Ada County.

Lee's first amended complaint alleges a single claim, for defamation, against Zane Stone. In defending this motion to dismiss, Lee points to these allegations in the complaint, arguing that both support the defamation claim:

(1) "On April 16, 2018, at approximately 8:00 P.M. Zane contacted the Eagle Idaho Police Department to report an alleged disturbance at Zane and Kayse's residence." *Am. Compl.,* ¶ 25.

(2) On April 22, 2018, Zane posted Lee's "mugshot" and personal driver's license picture on the neighborhood NextDoor App, "informing" his neighbors that Lee was a "stalker that has been following my wife and (13 year old) daughter." *Id.* ¶ 29.

## THE RULE 12(b)(6) MOTION

The Court will first resolve Mr. Stone's Rule 12(b)(6) motion and then turn to the Rule 12(b)(1) motion.

## 1. The Governing Legal Standard

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in a light most favorable to the nonmoving party. *Cedars–Sanai Med. Ctr. v. Nat'l League of Postmasters*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). The Court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## 2. Analysis

As noted above, Lee says at least two alleged statements support his defamation claim: (1) Mr. Stone's phone call to the Eagle Police on April 16; and (2) Mr. Stone's April 22 NextDoor post. Stone says the first statement is privileged and the second statement is truthful – meaning that neither can support a

defamation claim.

The elements of defamation are: (1) the defendant communicated information concerning the plaintiff to others; (2) the information was defamatory; and (3) the plaintiff was damaged because of the communication. *See, e.g., Elliott v. Murdock,* 385 P.3d 459, 465 (Idaho 2016).

The Court will begin with the NextDoor post. In moving to dismiss, Mr. Stone says that the post simply included Lee's mugshot and driver's license picture, "along with information that [Lee] *was arrested for* stalking his wife and daughter." *See Motion,* Dkt. 28, at 5 (emphasis added). But that is not quite right. Lee alleges that the NextDoor post said Lee *was a stalker* – not that he had been *arrested for stalking*. That is a critical distinction. Although Lee had indeed been *arrested for stalking* – and the complaint alleges as much – the complaint goes on to allege that Lee was innocent of the charge, which was ultimately dismissed. As such, Lee has sufficiently alleged a defamation claim.

As for Mr. Stone's telephone call to the Eagle Police, Mr. Stone says his statements are subject to a qualified privilege, which does not apply if the statements are made with malice. *See generally Berian v. Berberian,* --- P.3d ---, 2020 WL 6387513 (Idaho Nov. 2, 2020) (holding that "defamatory statements made by private individuals to law enforcement officials prior to the institution of

criminal charges are entitled to a qualified privilege . . . [which] will not apply when the defamatory statements are made with malice"). He goes on to argue that because Lee did not allege Mr. Stone's April 16 report was malicious, that report cannot form the basis for a defamation claim.

Lee argues that he shouldn't have to anticipate and plead around affirmative defenses. The Court does not entirely agree. While it is generally true that that a plaintiff is not required to plead around an affirmative defense, a complaint is nevertheless subject to a Rule 12(b)(6) dismissal if an affirmative defense appears on the face of the complaint. Here, though, Lee has not pleaded himself out of court in this fashion. That is, he has not alleged facts demonstrating that Stone acted *without malice.* To the contrary, although Lee does not precisely allege that Mr. Stone's April 16 report was malicious, he does generally allege that Stones pursued "clearly malicious and false claims" against him. *Am. Compl.*, Dkt. 25, at 9. That is enough to survive Stone's motion to dismiss the defamation claim.

## THE RULE 12(b)(1) MOTION

The Court will also deny Stone's Motion for dismissal under Federal Rule of Civil Procedure 12(b)(1). Here, Stone argues that the facts supporting the defamation claim do not share a common nucleus of operative facts with other, federal claims.

Under 28 U.S.C. § 1367(a), supplemental jurisdiction is appropriate if the pendent state law claims are part of the same case or controversy as the federal claim. *Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir.2003); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("The state and federal claims must derive from a common nucleus of operative fact."). In other words, the supplemental jurisdiction power extends to all state and federal claims which one would ordinarily expect to be tried in one judicial proceeding. *See Penobscot Indian Nation v. Key Bank of Maine*, 112 F.3d 538, 563–64 (1st Cir. 1997); *Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 190 (1st Cir. 1996).

Here, Lee's defamation claim against Zane Stone is part of the same case or controversy as the federal §1983 claims. Both claims are inextricably tied to the underlying arrest and prosecution for stalking. Therefore, these claims will necessarily involve the same witnesses, facts, and basic understanding to either prove or disprove any of the alleged claims. Plus, exercising supplemental jurisdiction over Lee's state-law defamation claim will certainly promote judicial economy. As such, the Court finds that supplemental jurisdiction under 28 U.S.C. §1367 is appropriate. The Court will therefore deny Mr. Stone's motion to dismiss

under Federal Rule of Civil Procedure 12(b)(1).

## ORDER

**IT IS ORDERED that** Defendant Zane Stone's Motion to Dismiss (Dkt. 28) is **DENIED.**

DATED: April 2, 2021

B. Lynn Winmill
U.S. District Court Judge