UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW LEE, a resident of Ada County,<br><br>    Plaintiff,<br><br>v.<br><br>KAYSE STONE, an individual, TERRY LAKEY, an individual, ADA COUNTY, an Idaho county, CITY OF BOISE, an Idaho municipality, and ZANE STONE, an individual,<br><br>    Defendants. | Case No. 1:20-cv-00186-BLW<br><br>**MEMORANDUM DECISION & ORDER RE MOTION TO STAY DISCOVERY** |

## INTRODUCTION

Before the Court is Defendants Terry Lakey and Ada County's Motion to Stay Discovery (Dkt. 58). For the reasons explained below, the Court will deny the motion to the extent it requests the Court to entirely stay discovery in this action. Instead, the Court will stay discovery as to the moving defendants only – and only to the extent they would face discovery and other litigation deadlines *as a party*; plaintiff is free to pursue appropriate discovery against these defendants as third parties. Otherwise, at this time, the Court will put a scheduling order in place that will govern the lawsuit for all other litigants (*i.e.*, the plaintiff and Defendants Kayse Stone, Zane Stone, and the City of Boise). If the Court later denies Deputy

MEMORANDUM DECISION & ORDER - 1

Lakey and Ada County's pending motion to dismiss, the Court will reassess these deadlines, with an eye to ensuring that all defendants have sufficient time to conduct discovery and otherwise participate in the litigation.

## ANALYSIS

Plaintiff Matthew Lee filed this lawsuit over 18 months ago, in April 2020. The Court granted Lakey and Ada County's motion to dismiss, however, as Lee had alleged facts demonstrating Deputy Lakey had probable cause to arrest him. *See* Dkt. 21. After this dismissal – which was with leave to amend – Lee filed a first amended complaint, which the Court again dismissed as to Lakey and Ada County. *See* Dkt. 46. Lee has now filed a newly amended complaint, and Lakey and Ada County have once again moved to dismiss. The other defendants – Kayse Stone, Zane Stone, and the City of Boise – have not.

Because the case is at issue for three of the five defendants, the Court scheduled its Rule 16 scheduling conference for October 27, 2021. Two days before that conference, Lakey and Ada County filed the pending Motion to Stay Discovery. They argue that they should not have to go through discovery because they may be dismissed on qualified immunity grounds.

The Court is persuaded by this argument, but only to a point. Defendants have correctly pointed out that a qualified immunity defense is meant to protect them from unnecessary and burdensome discovery. But in this case, three other

MEMORANDUM DECISION & ORDER - 2

defendants will litigate this case regardless. Further, even if Ada County and Deputy Lakey are dismissed as defendants, they will almost surely face discovery as third parties. (Just as one example, the communications between the Stones and Deputy Lakey are relevant to this lawsuit regardless of whether Ada County and Deputy Lake are involved as litigants.) So there is no reason to hold up this entire litigation until the pending motion to dismiss is decided.

The Court will therefore put a scheduling order in place. If Deputy Lakey and Ada County are later dismissed as defendants, nothing remains to be done: The deadlines established in the Scheduling Order will govern the litigation, absent a showing of good cause for extensions. *See generally Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). If, on the other hand, Deputy Lakey and Ada County remain as defendants, the Court will be amenable to revisiting these deadlines, with an eye to providing additional time for these defendants to complete discovery and otherwise participate in the litigation.

## ORDER

**IT IS ORDERED that** Defendants' Motion to Stay Discovery (Dkt. 58) is **GRANTED IN PART and DENIED IN PART**, as explained above.

DATED: December 2, 2021

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION & ORDER - 3